IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL EVERETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY OF SAN FRANCISCO,<br><br>　　　　Defendant.<br>_____/ | No. C 11-01519 CW<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

　　Plaintiff Daniel Everett applies for leave to proceed in forma pauperis (IFP). Having considered all of the papers filed by Plaintiff, the Court grants the application to proceed IFP and dismisses his complaint.

　　A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to prosecute the action. Accordingly, the application to proceed without the payment of the filing fee is granted.

　　The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiff alleges that he had a contract with Defendant University of San Francisco (USF) that permitted him to broadcast his show on the school's radio station while he is enrolled in the school's Master of Public Affairs program.  He pleads that USF breached the contract by entering into an agreement with Classical Public Radio Network, LLC (CPRN), under which CPRN may broadcast during his time slot.  He appears to assert that the Court has federal question jurisdiction based on subpart D of part 73 of title 47 of the Code of Federal Regulations (CFR).[1]

To determine whether federal question jurisdiction exists under § 1331, "the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary

---

[1] Plaintiff cites "Radio and Television Broadcast Rules 47 CFR Part 73, subpart C," Compl. ¶ 3, which concerns "Digital Audio Broadcasting."  See generally 47 C.F.R. §§ 73.401-.404.  However, subpart D addresses "Noncommercial Educational FM Broadcast Stations," which appears to be more relevant to Plaintiff's action.  See generally 47 C.F.R. §§ 73.501-.599.

rests upon the party asserting jurisdiction." <u>Konkkonen v. Guardian Life. Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (citations omitted).

    Plaintiff does not identify any section of the CFR that permits the Court to exercise federal question jurisdiction over his breach of contract action. The subpart he cites contains several technical requirements under which non-commercial educational broadcast stations must operate, none of which suggest that his claim for a breach of contract arises under federal law.

    Plaintiff's allegations fail to establish that the Court has subject matter jurisdiction over his action. Accordingly, his complaint is dismissed without prejudice to refiling in state court.

    IT IS SO ORDERED.

Dated: 4/12/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EVERETT et al,

        Plaintiff,

v.

et al,

        Defendant.

Case Number: CV11-01519 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Everett
15 Boardman Place
Suite 2
San Francisco, CA 94102

Dated: April 12, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

4